1
2
3
4

NEIL L. SHAPIRO (SBN 051547)
LAW OFFICES OF NEIL L. SHAPIRO
2100 Garden Road, Suite C
Monterey, California 93940
Telephone:    (831) 372-3700
Facsimile:    (831) 372-3701
nshapiro@nshapiro.com

5

Attorneys for Plaintiff
PEBBLE BEACH COMPANY

6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

PEBBLE BEACH COMPANY, a California
General Partnership,

13

                    Plaintiff,

14

vs.

15

GLENN R. CALLAHAN, an Individual,

16

                    Defendant.

17
18

Case No.  C 08-02920 HRL

NOTICE OF MOTION AND MOTION
TO STRIKE DEFENDANT'S
ANSWER AND ENTER DEFAULT;
MEMORANDUM OF POINTS AND
AUTHORITIES

Date:          September 2, 2008
Time:          10:00 a.m.
Courtroom:  2 (the Hon. Howard R. Lloyd)

19
20

TO DEFENDANT GLENN R. CALLAHAN:

21
22

            NOTICE IS HEREBY GIVEN that on Tuesday, September 2, 2008, at 10:00 a.m. or as

soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 280

23
24

South First Street, Fifth Floor, San Jose, CA 95113, plaintiff Pebble Beach Company ("Plaintiff") will

move the Court for an Order striking the Answer filed herein by defendant Glenn R. Callahan

25

("Defendant") and entering his default.

26

            The Motion will be made on the ground that Federal Rule of Civil Procedure 8(b)(1)

27

requires that in responding to a complaint a defendant must "state in short and plain terms its defenses

28

to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party," on the ground that Defendant's answer to the detailed complaint herein says only that "[a]ll accusations of Plaintiff on Defendant are herby denied," and on the ground that Federal Rule of Civil Procedure 12(f) provides that on motion the Court "may strike from a pleading an insufficient defense." Defendant's purported answer to the complaint is in its entirety "an insufficient defense" that fails completely to satisfy any requirements of either the Federal Rules of Civil Procedure or the Local Rules of this Court, and constitutes no answer at all. Accordingly, it should be stricken and Defendant's default entered.

This Motion will be based on this Notice of Motion and Motion on the Memorandum of Points and Authorities attached hereto, on the pleadings, records and papers on file herein, and on such other and further oral and documentary evidence and legal memoranda as may be presented at or by the hearing on the Motion.

Dated: July 31, 2008

NEIL L. SHAPIRO
LAW OFFICES OF NEIL L. SHAPIRO


By _____/s/_____
Attorneys for Plaintiff
PEBBLE BEACH COMPANY

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Pebble Beach Company ("Plaintiff") relies on the following points and authorities in support of its Motion to Strike Defendant's Answer and Enter Default (the "Motion"):

## INTRODUCTION

The Complaint filed herein by Plaintiff contains 54 paragraphs of detailed factual allegations concerning four service marks that Plaintiff contends (1) were registered fraudulently by Defendant, and (2) infringe the protectable trademark rights of Plaintiff, and a collection of domain names registered by defendant in violation of the law.  Defendant's tardy answer to that detailed Complaint – really nothing more than a letter to the Clerk of this Court – responds to those 54 paragraphs of detailed factual allegations with a single sentence: "All accusations of Plaintiff on Defendant are hereby Denied."

The Answer filed herein by Defendant defies all applicable Federal Rules of Civil Procedure, as well as a host of the Local Rules of this Court.  More important, it places an unfair burden on Plaintiff to prove a wealth of facts that properly should have been admitted, and unfairly wastes the resources of this Court in adjudicating issues that, in truth, should not be issues at all. Defendant has behaved in a cavalier fashion with the intellectual property rights of Plaintiff, and this action was initiated to correct the consequences of that behavior.  If Defendant intends to defend his earlier conduct, he should not be permitted to behave in a cavalier fashion toward the rules applicable to this proceeding in so doing.  His Answer constitutes no answer at all, and should be stricken.

## LEGAL ARGUMENT

The legal standards applicable to this Motion are not subject to any meaningful dispute. Federal Rule of Civil Procedure 8(b)(1) provides that in "responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  Federal Rule of Civil Procedure 8(b)(2) provides that a "denial must fairly respond to the substance of the allegation."  Federal Rule of Civil Procedure 8(b)(3) provides that a party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial: but that a "party that

3

1    does not intend to deny all the allegations must either specifically deny designated allegations or

2    generally deny all except those specifically admitted."

3                The Complaint in this case sets forth detailed allegations about the parties, and about

4    Defendant's registration of four service marks with the United States Patent and Trademark Office by

5    way of false representations, service marks that infringe the valuable intellectual property rights of

6    Plaintiff.  It also details Defendant's registration of a number of domain names that infringe the

7    intellectual property rights of Plaintiff, and his effort to sell to Plaintiff for exorbitant prices all of

8    those registrations.  Defendant ignores the provisions of Federal Rule of Civil Procedure 8 by

9    responding to all of that with a single sentence in which he denies "[a]ll accusations."

10               Nor can Defendant contended that he is utilizing the option in Federal Rule of Civil

11   Procedure 8(b)(3) by filing a "general denial."  Defendant cannot in good faith deny that he resides in

12   Monterey County (¶ 2), that jurisdiction and venue in this Court are proper (¶¶ 3-4), the details of his

13   service mark applications (¶¶ 11, 14, 17, 20), the registration of those service marks (¶¶ 12, 15, 18 and

14   21), or his registration of domain names (¶¶ 23-24).  Defendant has an absolute obligation to "admit or

15   deny the allegations asserted against [him] by an opposing party," but completely fails to do so,

16   rendering his "Answer" a legal nullity.

17               The Local Rules of this Court set forth a number of formal requirements for pleadings

18   in general.  *See*, *e.g.*, Local Rule 3.4 ("The first page of each paper presented for filing must set forth:

19   . . . if *pro se*, the name, address, telephone number, fax telephone number and e-mail address of the

20   party presenting the paper for filing").  Defendant complies with none of those requirements either;

21   his "Answer" contains none of that information.

22               It is well established that *pro se* litigants are afforded *some* degree of flexibility in

23   pleading their actions.  *See*, *e.g.*, *Taylor v. Vermont Department of Education* (2d Cir. 2002) 313 F.3d

24   768, 776.  But it is equally well-established that those who choose to represent themselves must at

25   least approximate compliance with both the Federal Rules of Civil Procedure and the local rules of

26   each court.  Local Rule 3.9(a) of this Court, for example, could not be clearer: "A person representing

27   him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local

28

4

rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules."

Defendant's abject failure or refusal to follow the Federal Rules of Civil Procedure in responding to the detailed Complaint filed against him is not merely an academic matter of no substantive importance. By failing in good faith to admit those facts that should be admitted and denying only that which fairly may be denied, Defendant visits prejudice on both Plaintiff and this Court. Plaintiff will be put to the expense of what should be unnecessary discovery and of proving that which truly is not in dispute. This Court, in turn, will waste resources hearing that proof. And The requirements of Federal Rule of Civil Procedure 8 were intended to make the adjudication of disputes more efficient by requiring a party responding to a pleading to make specific admissions and denials, thereby thinning the dispute to its actual contours. The Defendant here should not be permitted to ignore the rules that apply to everyone else. His "Answer" is woefully insufficient, and in accordance with the provisions of Rule 12(f) should be stricken. Any other result rewards Defendant for his failure and refusal to honor the rules, and punishes both Plaintiff and this Court..

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that under the applicable rules Defendant's "Answer should be stricken and, in the absence of a proper answer, his default should be entered. This is not a circumstance in which a pro se litigant tried to follow the rules but missed a portion of them. Rather, Defendant here simply disregarded them in their entirety.

Dated: July 31, 2008                    NEIL L. SHAPIRO
                                        LAW OFFICES OF NEIL L. SHAPIRO


By _____/s/_____

Attorneys for Plaintiff PEBBLE BEACH COMPANY

5

1

**PROOF OF SERVICE**

2

3
       I am a resident of or employed in the county of Monterey.  I am over the age of 18 and not a party to the within action, my business address is 2100 Garden Road, Suite C, Monterey, California 93940.

4

5

6
       I served the foregoing documents described as **NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S ANSWER AND ENTER DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES** on all interested parties in this action as follows:

7

8
Glenn R. Callahan
26570 Rancho San Carlos Boulevard
Carmel Valley, CA 93924

9

10

11
**[X]**    **BY MAIL:** The document to which this proof of service is attached will be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at Monterey, California, in the ordinary course of business.

12
**[ ]**    **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the address(s) or to the addressee(s) personally at the location indicated above.

13

14
**[ ]**    **BY OVERNIGHT DELIVERY:** I deposited such envelope, with delivery fees paid or provided for, in a box or other facility regularly maintained by Federal Express, or delivered to a driver or courier authorized by Federal Express to receive documents.

15

16

17
**[ ]**    **BY FACSIMILE:** I served the foregoing document by facsimile transmission at the fax number designated above, and then deposited for collection and mailing, following ordinary business practices, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid.

18
       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 31st day of July, 2008, at Monterey, California.

19

20
_____/s/_____
                 Neil L. Shapiro

21

22

23

24

25

26

27

28

6

---

NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S ANSWER AND ENTER DEFAULT;
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. C 08-02920 HRL
